FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAY 05 2017  ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____ x

JAMIE GRAMBO; an individual; on behalf of
herself and all others similarly situated,

                               Plaintiffs,

           vs.

RELIANT CAPITAL SOLUTIONS, LLC,

                            Defendant.

_____ :x

CASE NO.:

# CV 17 2726

**CLASS ACTION COMPLAINT FOR**
**VIOLATIONS OF THE FAIR DEBT**
**COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

SEYBERT, J.

## I. PRELIMINARY STATEMENT

SHIELDS, M.J.

1.     Plaintiff, JAMIE GRAMBO ("Plaintiff" or "GRAMBO"), on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant RELIANT CAPITAL SOLUTIONS, LLC who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2.     The Plaintiff alleges that the Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken the failure by debt collectors, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that section are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

7.      To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth requirements for written notice to a consumer including the amount of the

debt, 15 U.S.C. § 1692g(a)(1).

8.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendant.

## II.  PARTIES

9.    GRAMBO is a natural person.

10.    At all times relevant to this complaint, GRAMBO resides in Merrick, located, Nassau County, New York.

11.    At all times relevant to this complaint, Reliant Capital Solutions, LLC is a Ohio limited liability company. Reliant Capital Solutions, LLC maintains its principal business address at 750 Cross Pointe Road, Suite G, Gahanna, Ohio 43230.

## III.  JURISDICTION & VENUE

12.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

13.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

14.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

15.    Sometime prior to May 15, 2016, Plaintiff allegedly incurred a financial obligation to Nassau Community College.

16.    The Nassau Community College Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17.    Defendant contends that the Nassau Community College Obligation is in default.

18.    The alleged Nassau Community College Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19.    Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20.    Plaintiff is informed and believes, and on that basis alleges, that sometime prior to May 15, 2016, the creditor of the Nassau Community College Obligation either directly or through intermediate transactions engaged Reliant Capital Solutions, LLC for collection.

21.    Reliant Capital Solutions, LLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22.    Reliant Capital Solutions, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.    On or about May 17, 2016, Reliant Capital Solutions, LLC mailed an initial collection letter, and which Plaintiff received in the ordinary course of mail. A true and correct copy of the 5/17/2016 Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

24.    The 5/17/2016 Letter was sent, or caused to be sent, by persons employed by

Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.    The 5/17/2016 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

26.    The 5/17/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.    On information and belief, the 5/17/2016 Letter is a computer-generated form letter that is prepared by the Defendant and sent to consumers, such as Plaintiff, from whom they were attempting to collect a debt.

28.    The 5/17/2016 Letter consists of two pages.

29.    On Page One of the 6/25/2012 Letter, in the top right-hand corner, it states, *inter alia*, "Amount Due $455.40."

30.    Page Two of the 5/17/2016 Letter includes, *inter alia*, the following additional statements:

### ACCOUNT INFORMATION

| Account # | Principal | Interest | Collection Costs | Other Charges | Balance |
|---|---|---|---|---|---|
| 12816835 | $379.50 | $0.00 | $75.90 | $0.00 | $455.40 |

31.    On information and belief, The Defendant is not legally or contractually permitted to add any "Collection Costs" to the amount of the alleged debt it seeks to collect from consumers.

32.    Defendant's statement on Page One of the 5/17/2016 Letter are materially false, deceptive, and misleading in that, *inter alia*, they state that upon the consumer's dispute of the validity of the debt, the debt collector will obtain verification of the debt.

33.    Defendant's statements on Page One of the 5/17/2016 Letter are materially false, deceptive, and misleading in that, *inter alia*, it falsely identifies the amount due Defendant.

34.    The 5/17/2016 Letter collection caused Plaintiff uncertainty and forced her to

dispute the validity of the debt, in writing.

35.    Defendant failed to respond to Plaintiff's dispute letter.

### V. POLICIES AND PRACTICES COMPLAINED OF

36.    It is Defendant's' policy and practice to send initial written collection communications, in the form attached as *Exhibit A*, that violate the FDCPA by, *inter alia*:

(a)    Using false, deceptive, or misleading representations regarding the character, amount, or legal status of alleged debt;

(b)    Failing to accurately state the amount of the alleged debt; and

(c)    Seeking to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law.

37.    On information and belief, Defendant sent a written communication, in the form attached as *Exhibit A*, to at least 50 natural persons in the State of New York.

### VI. CLASS ALLEGATIONS

38.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39.    With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New York (b) to whom Defendant sent a written communication in the form attached as *Exhibit A* (c) that was not returned as undeliverable (d) in connection with Defendant's attempt to collect a debt described as a Nassau Community College account (e) which written communications violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of

this Complaint.

40.    The identities of all class members are readily ascertainable from the records of Defendant.

41.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42.    There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1)

43.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

45.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to

all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46.   Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct

for Defendant, which collect debts throughout the United States of America.

47.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's letter, which is attached hereto as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1) or 1692g(a)(1), is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

48.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

51.    Defendant violated the FDCPA. Defendant's violations with respect to their written communications, in the form attached as *Exhibit A*, include, but are not limited to, the following:

(a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)    Making false, deceptive, and misleading representations regarding the character,

-9-

amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(c)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(d)     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(e)     Seeking to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

(f)     Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1).

## IX.  PRAYER FOR RELIEF

52.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing GRAMBO and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii)     An award of the maximum statutory damages for GRAMBO and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)     For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's written collection communications, in the form attached hereto as *Exhibit A*,

violates the FDCPA;

(iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)    For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:    Uniondale, New York
          May 4, 2017

Abraham Kleinman (AK-6300).
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY  11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Jamie Grambo, and all others similarly situated*

-11-